# EXHIBIT "D"

IndyMac Mortgage Services Loan No.: 
Fannie Mae Loan No.:
Reference No.:

_____ [Space Above This Line For Recording Data]_____

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made on July 29, 2010 between Mark A Cirillo ("Borrower") and IndyMac Mortgage Services, a division of OneWest Bank®, FSB ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated 12/6/2007 and recorded on 12/14/2007 in Book or Liber _____, at page(s) _____, or Instrument or Document No. 20072747703 of the Records of Los Angeles, CA (County and State or other jurisdiction) and the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property" located at 2640 Vineyard Ave, Los Angeles, CA 90016, the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of July 29, 2010, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $452,709.48 consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $102,663.16 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $350,046.32. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of 8/1/2010 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 9/1/2010. The new Maturity Date will be 8/1/2050. My payment schedule for the modified loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1 - 5 | 2.000% | 8/1/2010 | $1,060.03 | 9/1/2010 | 60 |
| 6 | 3.000% | 8/1/2015 | $1,231.51 | 9/1/2015 | 12 |
| 7 | 4.000% | 8/1/2016 | $1,412.51 | 9/1/2016 | 12 |
| 8 - 40 | 4.500% | 8/1/2017 | $1,505.62 | 9/1/2017 | 396 |

The terms of your Modification Agreement require the servicer to establish an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. IndyMac Mortgage Services will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that IndyMac Mortgage Services must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. We will separately notify you of the initial amount of this new escrow payment.

3. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the

date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

6. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights

of recourse to which Lender is presently entitled against any property or any
other persons in any way obligated for, or liable on, the Note and Security
Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a
satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement,
including recording fees, title examination, and attorney's fees, shall be paid by
the Borrower and shall be secured by the Security Instrument, unless stipulated
otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may
be necessary or required to effectuate the terms and conditions of this Agreement
which, if approved and accepted by Lender, shall bind and inure to the heirs,
executors, administrators, and assigns of the Borrower.

_____ (Seal)

-Lender

By: _____        Wendy Traxler, First Vice President

_____ (Seal)        Date _____

Mark A Cirillo

_____ (Seal)        Date _____

Mortgage Electronic Registration        Wendy Traxler, First Vice President
Systems, Inc. – Nominee for Lender

_____[Space Below This Line For Acknowledgment]_____

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _Los Angeles_

On _9/1/2010_ before me, _Aisha B Hall, Notary Public_,
<span style="font-size:smaller">(Here insert name and title of the officer)</span>

personally appeared _Mark A. Cirillo_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_Aisha B Hall_
Signature of Notary Public

AISHA B. HALL
Commission #
Notary Public - California
Los Angeles County
My Comm. Expires Jun 10, 2011

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
(Additional information)

**CAPACITY CLAIMED BY THE SIGNER**
- ☐ Individual (s)
- ☐ Corporate Officer

_____
(Title)

- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other

**INSTRUCTIONS FOR COMPLETING THIS FORM**
_Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary's section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required._

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they-, is/are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

## NOTARY SECTION

STATE OF CA     )
           ) ss.:
COUNTY OF Los Angeles  )

On the _1ST_ day of _SEPTEMBER_ in the year _2010_ before me, the
undersigned, a Notary Public in and for said State, personally appeared _MARK A CIRILLO_
_____,
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)
is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on
behalf of which the individual(s) acted, executed the instrument.

_Aisha B Hall_
Notary Signature
_AISHA B HALL_
Notary Printed Name

Notary Public; State of _CALIFORNIA_
Qualified in the County of _Los ANGELES_
My commission expires: _JUNE 10, 2011_
Official Seal: